## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|                                   |   |                        |
|-----------------------------------|---|------------------------|
|                                   | : |                        |
| IN RE                             | : | CHAPTER 13             |
|                                   | : |                        |
| ADRIAN T. FIELDS, JR. a/k/a       | : | CASE NO: 16-15437AMC   |
| ADRIAN FIELDS                     | : |                        |
|                                   | : |                        |
|                          Debtor   | : |                        |
| _____ | : |                     |

### DEBTOR'S RESPONSE TO TRUSTEE'S OBJECTION TO CONFIRMATION

The Debtor, through counsel, responds to the Objection of William C. Miller, Esquire, Chapter 13 Standing Trustee (the "Trustee"), to Confirmation of the Plan  (the "Objection") as follows:

### Plan Funding

1.       The Objection asserts that "The Plan is underfunded in that the total proofs of claim which are to be paid exceed the value of the Plan."

2.       The Trustee fails to provide any basis for the assertion.  Debtor's total proposed plan payments total $96,300.01.  First Amended Plan ¶ II.  The total secured claims and administrative expenses[1] being paid through disbursements by the trustee are:

| | |
|---|---|
| Claim No. 7 (Lakeview Loan Svcing): | $63,461.98[2] |
| Claim No. 10 (Jefferson Capital): | $20,985.98[3] |
| Debtor's Attorney's fees (if approved): | $  2,500.00[4] |
| | |
| Total: | $86,947.02 |

---

[1] The plan provides for a pro rata distribution to unsecured creditors of funds remaining after secured and priority claims.  First Amended Plan ¶ III.C.

[2] First Amended Plan ¶ III.A.2

[3] First Amended Plan ¶ III.A.3.

[4] First Amended Plan. ¶II.B.2.b.  The plan provision provided for $3,000 to be paid, but counsel has submitted a fee application asking only for $2,500.00.  It is axiomatic that attorney fees are subject to Court approval, which may differ from the plan provision.

3.      It is only if one adds a <u>maximum</u> statutory Trustee commission of ten percent of plan payments received ($9,630) that the plan appears to be underfunded in the minuscule amount of $277.01 ($86,947.02 + $9,630 = $96,577.02, which exceeds $96,300.01).  The Trustee, however, has been operating at a commission rate of 7.2% since October 2015.   Attached as Exhibit A is a printout of the Trustee's claim and payments record for this case.  It reflects a total anticipated Trustee commission of $6,933.67, which would not render this plan underfunded ($86,947.02 + $6,933.67 =  93,880.69)

4.      Debtor acknowledges that the Trustee's commission rate may increase during the term of this plan.  However, the Court may take judicial notice of reports filed by the Trustee with the Office of the United States Trustee showing that his commission has not risen above an average of approx 8.5% in over five years.   <u>See</u> Standing Chapter 13 Trustee reports available at: www.justice.gov/ust/private-trustee-data-statistics.  This case was filed on August 1, 2016, which means that for eight months the Trustee has been collecting only 7.2%.  Even if the Trustee were to immediately increase his commission rate, the plan would not become underfunded.

**Interest on Claim No. 10**

5.      The Objection also states that the "Amended plan does not address interest for secured auto loan."  Presumably the Objection refers to Claim No. 10 initially filed by Bridgecrest Credit Company, LLC and subsequently transferred to Jefferson Capital Systems LLC, which is secured by Debtor's automobile.[5]  That claim is for the amount of $20,985.04 and the First Amended

---

[5] There was initially also a secured claim filed by Ford Motor Credit (Claim No. 3) with respect to a leased vehicle, but last fall Debtor and Ford stipulated to stay relief, the collateral was taken, and Ford amended its claim to a wholly unsecured deficiency claim.

2

Plan provides for payment of that amount in full.  Jefferson Capital has not objected to this treatment.

6.     The Trustee is correct that the First Amended Plan does not address interest but fails to enunciate how that fact is legally relevant.  The language of 11 U.S.C. § 1325(a)(5) could not be clearer with respect to allowed secured claims provided by the plan:  "the court <u>shall</u> confirm a plan if--"  one of three conditions is met as to that claim: (1) acceptance by the claim holder (§1325(a)(5)(A)); (2) the plan provides for lien retention and payment of the present value of the claim in equal monthly payments, (§ 1325(a)(5)(B)); <u>or</u> (3) the plan provides for surrender of the collateral (§ 1325(a)(5)(C)).

7.     As of the date of this response, Jefferson Capital has not objected to the First Amended Plan and is therefore deemed to have accepted it.  <u>In re Szostek</u>, 886 F.2d 1405, 1413 (3d Cir. 1989).

8.      In short, since Debtor is not trying to "cram down" this plan over the objection of Jefferson Capital, the plan need not provide for present value interest.  <u>See also</u> <u>Till v. SCS Credit Corp.</u>, 541 U.S. 465, 468-69, 124 S.Ct. 1951 (2004) (2004)(referring to §1325(a)(5) (B) as the "'cramdown option' because a plan under this section may be enforced over a claim holder's objection"); 8 Collier on Bankruptcy ¶ 1325.06[3] at p.1325-32 (topic heading titled "The Chapter 13 Cramdown; § 1325(a)(5)(B)").

WHEREFORE, Debtor prays that this Court OVERRULE the Objection and confirm the Plan.

/s/ Alfonso G. Madrid
ALFONSO MADRID, ESQ.
Attorney for Debtor
757 South 8th St.
Philadelphia PA 19147
(215) 925-1002
(215) 689-4809 (fax)

3